58

Guarino GOMEZ, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. 84 Civ. 0253 (RWS).

United States District Court,
S.D. New York.

Nov. 27, 1984.

Sher, Herman & Bellone, P.C., New York
City, for plaintiff; Peter S. Tipograph, New
York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D.
N.Y., New York City, for defendant; Fred-
erick M. Lawrence, Asst. U.S. Atty., New
York City, of counsel.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Guarino Gomez ("Gomez")
seeks judicial review of a final decision of
the Secretary of Health and Human Servic-
es (the "Secretary") terminating Gomez's
federal disability benefits and opposes the
Secretary's motion to remand. The motion
is granted.

The Secretary moved for judg-
ment on the pleadings pursuant to Rule
12(c), Fed.R.Civ.P., and thereafter moved
for an order remanding the case pursuant
to 42 U.S.C. § 405(g) and *Dixon v. Heckler,*
83 Civ. 7001 (S.D.N.Y. July 25, 1984), a
class action brought in behalf of claimants
who were denied disability benefits on the
ground that their claimed impairment did
not meet the "severity" standard of 20
C.F.R. § 404.1520(c). Gomez is a member
of the *Dixon* class. After holding the "se-
verity" regulation invalid in light of the
statutory definition of disability, the Hon-
orable Morris E. Lasker ordered the Secre-
tary to consent to remand or move to re-
mand in all cases involving *Dixon* class
members, which motion is now at issue in
view of Gomez's opposition on the ground

that a full record has already been developed in proceedings before the Social Security Administration which, Gomez contends, establishes a sufficient basis for a reversal of the prior determination.

Authority exists that permits me to retain this case in federal court, despite the ALJ's application of an improper standard, if the record below is sufficiently developed for a determination of whether the ALJ's decision should be reversed. *See Glover v. Heckler*, 588 F.Supp. 956, 959 (S.D.N.Y. 1984); *Muniz v. Heckler*, 83 Civ. 6590 (S.D. N.Y.1984). However, where the decision of the Secretary is based on the application of an improper legal standard, a remand is the most appropriate remedy. *See Chico v. Schweiker*, 710 F.2d 947, 955 (2d Cir.1983); *Zanella v. Heckler*, 83 Civ. 6309 (October 5, 1984). It would be inappropriate for me to make a determination for the Secretary as to whether a plaintiff would have been found disabled if a proper standard had been applied. Since *Dixon* establishes as a matter of law that an improper legal standard was applied in denying Gomez's application for disability benefits, the most appropriate relief this court can give is to remand the case for further proceedings pursuant to *Dixon v. Heckler*. *See Higgins v. Heckler*, 84 Civ. 1234 (S.D.N.Y. 1984). That is, of course, without prejudice to Gomez's right to seek further judicial review if, although applying the proper legal standards, the Secretary arrives at a result not supported by substantial evidence.

Motion granted. Case remanded, and complaint dismissed without prejudice.

IT IS SO ORDERED.